Olga ADRIANO–FIGUEROA,
Petitioner,

v.

Eric H. HOLDER Jr., Attorney
General, Respondent.

No. 07–73698.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed Feb. 24, 2010.

Olga Adriano–Figueroa, Phoenix, AZ, pro se.

Hugo Florentino Larios, Hugo F. Larios Law, P.L.L.C., Tempe, AZ, for Petitioner.

OIL, Lindsay Elizabeth Williams, Kristina Rencic Sracic, Trial, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

MEMORANDUM **

Olga Adriano–Figueroa, a native and citizen of Honduras, petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey,* 512 F.3d 1163, 1166 (9th Cir.2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft,* 371 F.3d 532, 535 (9th Cir.2004). We review factual findings for substantial evidence, *Santos–Lemus v. Mukasey,* 542 F.3d 738, 742 (9th Cir.2008), and we deny the petition for review.

■ We reject Adriano–Figueroa's claim that she is eligible for asylum and withholding of removal based on her membership in a particular social group. *See Ochoa v. Gonzales,* 406 F.3d 1166, 1170–72 (9th Cir.2005); *Santos–Lemus,* 542 F.3d at 745–46. Accordingly, because Adriano–Figueroa failed to show she was persecuted or fears persecution on a protected ground, we deny her petition as to her asylum and withholding of removal claims. *See Barrios v. Holder,* 581 F.3d 849, 856 (9th Cir.2009).

■ Substantial evidence also supports the BIA's denial of CAT relief because Adriano–Figueroa did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Honduran government. *See Arteaga v. Mukasey,* 511 F.3d 940, 948–49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**